IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY M. GENTILELLO, MD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS | § | CIVIL ACTION NO. |
| SOUTHWESTERN HEALTH | § | 3:07-CV-1172-K |
| SYSTEMS, UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER | § | |
| AT DALLAS, MEDICAL SERVICE | § | |
| RESEARCH AND DEVELOPMENT | § | |
| PLAN, AND DALLAS COUNTY | § | |
| HOSPITAL DISTRICT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support Thereof (Doc. No. 46) and Plaintiff's Opposed Motion for Leave to File Second Amended Complaint (Doc. No. 47). Defendants assert in their motion to dismiss that, as a statutory matter, Defendants are not subject to suit under the False Claims Act ("FCA"), and Dr. Gentilello's retaliation claim is barred by sovereign immunity under the Eleventh Amendment. The Court has considered the parties' briefing, the live pleading in this case, and applicable law. The Court **GRANTS** Defendants' Motion to Dismiss and Brief in Support Thereof (Doc. No. 46). Additionally, because the amendments sought by Plaintiff's Opposed Motion for Leave to File Second Amended Complaint are futile, Dr. Gentilello's, Motion for Leave to File Second Amended Complaint (Doc. No.

47) is **DENIED**.  Dr. Gentilello's case is hereby **DISMISSED with prejudice**.

I.     **Motion to Dismiss**

    A.     **Factual Background**

From approximately August 2003 until March 2007, Plaintiff Larry Gentilello, M.D., was the Chair of the Division of Burn, Trauma, and Critical Care at the University of Texas Southwestern Medical Center at Dallas ("UTSW"), a tenured Professor of Surgery at UTSW, and holder of the C. James Carrico Distinguished Chair in Trauma and Surgical Care.  During his time at UTSW, Dr. Gentilello allegedly learned that teaching physicians with UTSW's department of surgery failed to adequately supervise surgical residents before, during, and after certain surgeries performed at Parkland Memorial Hospital.  Furthermore, Dr. Gentilello claims that he learned that despite the lack of supervision by teaching physicians, UTSW billed Medicare and Medicaid as if attending teaching physicians adequately supervised the care of patients.  Dr. Gentilello claims that when he brought these wrongful practices to his supervisor, UTSW retaliated against him by demoting him from his positions as Chairman of the Division of Burn, Trauma, and Critical Care and the C. James Carrico Distinguished Chair in Trauma and Surgical Care in March 2007.

On July 31, 2008, Dr. Gentilello filed suit against Defendants claiming false or fraudulent claims were made against the Untied States government and retaliation in violation of the False Claims Act.  On August 31, 2011, Defendants reached a settlement

regarding the *qui tam* claims with the United States and Dr. Gentilello that released all claims against Defendants in this case except for the retaliation claim brought by Dr. Gentilello.   On the same day, the United States filed a Notice of Intervention for Settlement purposes, and the United States and Dr. Gentilello filed a Joint Stipulation of Partial Dismissal of Civil Action.   On September 1, 2011, this Court issued an order granting the United States' Notice of Intervention for Settlement Purposes and an order dismissing Dr. Gentilello's *qui tam* claims.   On the same day, the United States was terminated as a party in the case.

As a result of the settlement and partial dismissal by the Court, the only claim pending in this case is Dr. Gentilello's retaliation claim.   Defendants now move to dismiss this claim.   Defendants argue that, as a statutory matter, Defendants are not subject to suit under the FCA, and Dr. Gentilello's retaliation claim is barred by sovereign immunity under the Eleventh Amendment.   Dr. Gentilello contends, however, that Defendants are subject to suit under the anti-retaliation provisions of the FCA, and Defendants have no Eleventh Amendment immunity from the anti-retaliation portions of the FCA.   Alternatively, Dr. Gentilello contends that the Defendants have waived their defenses under the False Claims Act and Eleventh Amendment as part of the prior settlement.

### B.   Legal Standard

Defendants bring their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

(failure to state a claim) and 12(b)(1) (lack of subject matter jurisdiction). A cause of action should be dismissed under Federal Rule 12(b)(6) only if there is no possible set of facts upon which a plaintiff could prevail on that cause of action. *United States ex rel. Bain v. Ga. Gulf Corp.*, 386 F.3d 648, 653 (5th Cir. 2004). In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309–10 (5th Cir. 1986). To determine whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The court must assume the truth of all pleaded facts and liberally construe the complaint in favor of the plaintiff. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must instead plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jursidiction seeks dismissal of the lawsuit because the court lacks the authority to hear the dispute. *See generally U.S. v. Morton*, 467 U.S. 822, 828 (1984). Lack of subject

- 4 -

matter jurisdiction may be found in the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a 12(b)(1) motion is on the party asserting jurisdiction. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id*. (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1988).

When a 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) motion before addressing any motion as to the merits. *Id*. Defendants' motion asserts that Defendants not subject to suit under the FCA and that Dr. Gentilello's retaliation claim is barred by sovereign immunity under the Eleventh Amendment. Although the motion to dismiss does not clearly distinguish which dismissal rule Defendants rely upon as to each ground for dismissal, immunity is generally viewed as a subject matter jurisdiction consideration. *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). The statutory determination of whether a state is subject to suit, on the other hand, is viewed as a Rule 12(b)(6) failure to state a claim issue, *see United States v. Regents of Univ. of Cal.*, 363 F.3d 398, 400-01 (5th Cir. 2004), and the Supreme Court has made it clear that whether a state is actually subject to suit

- 5 -

should be considered prior to any Eleventh Amendment sovereign immunity question.

*Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 789-80

(2000).  Thus, the Court must first address the issue of whether the Defendants are

subject to be sued for retaliation pursuant to the FCA.

    **C.**    **Analysis**

        1.    Fed. R. Civ. P. 12(b)(6) Motion

Generally, the FCA imposes civil liability upon any person who presents a false

or fraudulent claim for payment or approval to the United States Government.  31

U.S.C. 3729(a).  The Government itself may bring a civil action against the false

claimant or a private person, like Dr. Gentilello, may bring a *qui tam* civil action on

behalf of the Government.  Subsection 3730(h) of the FCA, on the other hand, provides

an independent cause of action to an employee, contractor, or agent who is demoted or

discriminated against because of efforts by that individual to stop violations of the FCA,

like fraudulent claims for payment.  Whether this provision authorizes the employee,

contractor, or agent to sue a state entity (and no party disputes that Defendants are

state entities) is the issue presented by Defendants' motion to dismiss.

Defendants' motion relies on the Supreme Court's opinion in 2000 of *Vermont*

*Agency of Natural Resources v. United States ex rel. Stevens* to support its argument that the

FCA does not authorize Dr. Gentilello to sue Defendants.  In *Stevens*, the Supreme Court

held that "a private individual has standing to bring suit in federal court on behalf of the

United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, but that the False Claims Act does not subject a state (or state agency) to liability in such actions." 529 U.S. at 787-88 (2000). Defendants note that lower courts since *Stevens* have confirmed that this holding applies to the anti-retaliation provision of the FCA.

Dr. Gentilello responds that the *Stevens* case is not controlling on the issue of Section 3730 retaliation claims as a plaintiff's *qui tam* action was at issue in the *Stevens* case, not a retaliation claim. Additionally, Plaintiff refers to Senate Report No. 99-345, which states that the term "employer" in Section 3730 should include public sector entities, to support the contention that the Congressional intent of Section 3730 was to allow for state entities to be sued. The Court disagrees with Dr. Gentilello. Not only does the Court find the reasoning of *Stevens* to be compelling support for Defendants' position in this case, but Dr. Gentilello's reliance on Senate Report No. 99-345 is unconvincing. In fact, the term "employer" is no longer even used in Subsection 3730(h). The 2009 amendments eliminated language in Subsection 3730(h) that referred to potential defendants as "employers," and, instead, left the category of potential defendants subject to be sued pursuant to Subsection 3730(h) undefined. *Stevens* makes it clear that "'if Congress intends to alter the usual constitutional balance between States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute . . . ." *Id*. at 787. Subsection 3730(h) makes no "clear statement" subjecting states to suit. In fact, Subsection 3730(h) simply

states that certain persons are entitled to relief and does not specify who may be sued to obtain that relief.  Furthermore, a review of the Congressional records related to the 2009 amendments of Section 3730 (the amendments which removed the term "employer"), including Senate Report No. 111-10 and the bill summary for Public Law 111-21, gives no indication that Congress intended Subsection 3730(h) to authorize suits against states.

While the Court finds it unfortunate that private individuals lack relief against states as employers for retaliation based on the FCA, the Court cannot allow an FCA retaliation claim against a state to move forward where Congress has not authorized that claim.  Because the Court has determined that a state is not subject to be sued under Subsection 3730(h), there is no possible set of facts upon which Dr. Gentilello could prevail on his claim for retaliation.  Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.

### 2.    Fed. R. Civ. P. 12(b)(1) Motion

Even if Subsection 3730(h) authorized suits against state entities, Defendants' motion to dismiss should be granted, because sovereign immunity bars a retaliation claim by Dr. Gentilello against Defendants.  The Fifth Circuit made it clear in *United States ex rel. Foulds v. Texas Tech University* that state sovereign immunity bars Subsection 3730(h) claims against states.  171 F.3d 279, 294 (5th Cir. 1999).  Contrary to Dr. Gentilello's position, the fact that the Fifth Circuit considered the sovereign immunity

issue in the case before considering whether Subsection 3730(h) authorizes states to be sued (which *Stevens* later made clear is the incorrect order) has no bearing on the ultimate holding in the case.  The Eleventh Amendment bars Dr. Gentilello's retaliation claim against Defendants.  Dr. Gentilello cannot prove any set of facts in support of his claim that would entitle him to relief.  Thus, even if Subsection 3730(h) authorized suits against state entities, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) provides a basis for Defendants' motion to dismiss to be granted.

3.      Waiver

Dr. Gentilello presents an alternative argument that even if Subsection 3730(h) does not authorize suits against states and/or sovereign immunity bars the retaliation claim,  Defendants waived any claims of immunity or defenses under the FCA through language set out in the settlement agreement related to the settling of Dr. Gentilello's *qui tam* claims.  Dr. Gentilello relies on the case of *Watson v. Texas* to advance this position.  261 F.3d 436 (5th Cir. 2001).  However, as Defendants point out, *Watson* involves waiver in the context of a dispute over a settled claim.  *Id*.  Here, the parties are not litigating claims or issues related to their previous settlement.  Instead, their dispute involves the last remaining claim in the case, a separate claim from those that were previously settled.

By the parties' settlement agreement, Defendants state that they "are not waiving for purposes of any other case or controversy any defenses that may be available to

them, including those under the FCA, the Eleventh Amendment to the United States Constitution, or any other statutory, common law, or equitable defense . . . ." This is certainly not an express statement of waiver as to the retaliation claim, and in order to impliedly waive immunity, the state must "employ the power of the federal court in such a way that its intent to forego its acceptance of immunity be unequivocal." *Id*. at 441. There is nothing in the language set forth by Dr. Gentilello that indicates that Defendants unequivocally waived their defenses as to the retaliation claim. Dr. Gentilello's argument regarding waiver fails.

## II.     Motion for Leave

Plaintiff's Opposed Motion for Leave to File Second Amended Complaint is also before the Court. By it, Dr. Gentilello asserts that his proposed amended complaint attempts to conform his pleadings to the fact that his first cause of action has been dismissed and that the remaining case will proceed solely under a retaliation claim against Defendants. The proposed amended complaint also includes various things that occurred since the institution of the lawsuit that represent additional actions taken by Defendants that Dr. Gentilello believes constitute adverse employment actions and other acts of retaliation against him in violation of the FCA. The motion plainly indicates that the proposed second amended complaint adds no additional claims or theories of recovery against Defendants.

While leave should generally be freely given, the amendments Dr. Gentilello seeks

- 10 -

are futile.   For the reasons discussed in this opinion, even if the Court allows Dr. Gentilello to file a second amended complaint, Dr. Gentilello cannot prevail on his sole claim of retaliation.   Therefore, Dr. Gentilello's Motion for Leave to File Second Amended Complaint (Doc. No. 47) is **DENIED**.

## III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and Brief in Support Thereof (Doc. No. 46).   Dr. Gentilello's case is hereby **DISMISSED with prejudice**.   Judgment will be entered by separate document. Furthermore, Dr. Gentilello's Motion for Leave to File Second Amended Complaint (Doc. No. 47) is **DENIED** .

**SO ORDERED.**

Signed August 24th, 2012.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE